IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PROGRESSIVE MAX
INSURANCE COMPANY,

        Plaintiff,

v.                                CIVIL ACTION NO. 3:19-0240

JOE NEELEY and
ELIZABETH NEELEY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Bifurcate and Stay all proceedings, including discovery, with respect to Defendants' counterclaims. *See Pl.'s Mot. to Bifurcate and Stay*, ECF No. 14. Defendants timely filed a Response in opposition to Plaintiff's Motion. *See Def.'s Resp. to Mot. to Bifurcate and Stay*, ECF No. 17. For the following reasons, Plaintiff's Motion is **DENIED** with respect to discovery and **DENIED WITHOUT PREJUDICE** with respect to trial.

**I. BACKGROUND**

This litigation arises out of a motor vehicle accident that occurred in Pocahontas County, West Virginia on August 20, 2017, wherein Defendants Joe and Elizabeth Neeley sustained significant injuries after a driver collided with their motorcycle. *Compl.*, ECF No. 1, at 3; *Def.'s Resp. to Mot. to Bifurcate and Stay*, at 2. Defendants subsequently collected the entirety of the responsible driver's liability coverage. *Def.'s Resp. to Mot. to Bifurcate and Stay*, at 2. As the driver's policy limit was not sufficient to cover Defendants' medical expenses stemming from the

collision, they filed underinsured motorist claims with their insurer, Plaintiff Progressive Max Insurance Company. *Def.'s Resp. to Mot. to Bifurcate and Stay*, at 2. Defendants maintain two insurance policies with Plaintiff: an automobile policy and a motorcycle policy. *Compl.*, at 3. Plaintiff paid Defendants the limits of their motorcycle policy, but denied Defendants' underinsurance claim against the automobile policy. *Compl.*, at 4.

Plaintiff filed its Complaint on April 1, 2019, seeking a declaratory judgment that the automobile policy does not provide coverage for Defendant's motorcycle accident. *See Compl.*, at 7. In their Answer filed on April 26, 2019, Defendants asserted three counterclaims: (1) common law and statutory bad faith and unfair settlement practices, (2) breach of contract, and (3) breach of the covenant of good faith and fair dealing. *See Answer*, ECF No. 9, at 8–12. On June 21, 2019, Plaintiff's filed a Motion to Bifurcate and Stay "all proceedings, including discovery, relative to Defendant's Counterclaims." *Pl.'s Mot. to Bifurcate and Stay*, at 1. The Court considers Plaintiff's Motion below.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, a court may bifurcate an action "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This standard affords wide discretion to courts in determining whether bifurcation is appropriate. *See Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W. Va. 1998). "[A]lthough bifurcation is not unusual, it is the exception rather than the rule." *Dallas v. Goldberg,* 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001). It follows that a party moving for bifurcation "has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen . . . delay, expense, and inconvenience." *Welch v. Logan General Hosp., LLC*, No. 2:15-cv-01022, 2015 WL 3797148, at *1 (S.D.W. Va. June 18, 2015) (quoting *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d

1233, 1250 (D. Kan. 2010). As Plaintiff has moved to bifurcate both trial and discovery, the Court will address both halves of its Motion separately.

### A. Trial

The Court first turns to Plaintiff's Motion to Bifurcate and Stay Defendants' counterclaims for trial purposes, arguing that "the claims should be litigated sequentially rather than concurrently" because "resolution of Plaintiff's coverage claim will most likely be dispositive of Defendant's [counter]claims."[1] *Pl.'s Mem. of Law*, ECF No. 15, at 7. The Court finds this argument unconvincing, as "[n]early every case that comes before the Court has a threshold issue that upon resolution in one or the other parties' favor might obviate other claims." *Sheppard v. Direct Gen. Ins. Co.*, No. 3:16-11418, 2017 WL 11249431, at *2 (S.D.W. Va. June 19, 2017). It follows that the need to determine a coverage issue as a threshold matter "is irrelevant to the Court's decision" to bifurcate and stay certain claims. *Id*. As such, the Court is not persuaded that the mere possibility of doing away with Defendants' counterclaims is enough to justify bifurcating and staying portions of this case.

Moreover, it is already well established in this District that bifurcating and staying Defendants' claims for trial purposes before the conclusion of discovery would be premature. *See, e.g., id.* at *2 (noting that "[i]n three recent decisions, by federal district courts in West Virginia that are remarkably similar to this case, trial judges, including this Court, found it premature [to] request bifurcation early in the discovery process"); *Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-cv-09356, 2014 WL 880876, at *1 (S.D.W. Va. Mar. 6, 2014) (concluding that

---

[1] As Defendants point out, this argument somewhat overstates the case. Defendants' counterclaims extend to both the automobile and motorcycle policies, the latter of which is not a subject of Plaintiff's action for declaratory judgment. *See Def.'s Resp. to Mot. to Bifurcate and Stay*, at 1–2.

bifurcating trial proceedings before the end of discovery would be premature); *Scarberry v. Huffman*, No. 3:10-0831, 2010 WL 4068923, at *1 (S.D.W. Va. Oct. 15, 2010) (citing *Tustin v. Motorists Mut. Ins. Co.*, No. 5:08CV111, 2008 WL 5377835, at *2 (N.D.W. Va. Dec. 22, 2008)) (reasoning that motion to bifurcate and stay claims for trial was raised prematurely, as discovery had not yet concluded).

The Court sees no satisfactory rationale to depart from this line of reasoning in the instant case. Therefore, as it is premature, the Court will deny without prejudice the portion of Plaintiff's Motion that seeks to bifurcate and stay Defendant's counterclaims for trial purposes. Plaintiff is free to refile its motion at the close of discovery.

**B. Discovery**

In addition to its Motion to Bifurcate and Stay Defendants' counterclaims for trial, Plaintiff also moves to bifurcate discovery proceedings. Plaintiff argues that "bifurcation and stay of Defendants' claims, including discovery . . . is appropriate" because "litigation of the first issue might eliminate the need to litigate the second issue." *Pl.'s Mem. of Law*, at 7. In essence, Plaintiff contends that bifurcating discovery will foster judicial economy—an interest it characterizes as lying at the "heart of Federal Rule of Civil Procedure 42(b)."[2] The Court disagrees.

Trial courts may "determine on a case-by-case basis whether to stay discovery on a bifurcated bad faith claim." *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 72 (W. Va. 1998). While this Court has yet to determine whether to bifurcate Defendants' counterclaims, this discretionary

---

[2] Plaintiff cites *Wilkinson v. Mutual of Omaha Insurance Company* in support of the proposition that "[o]ne of the main reasons Rule 42(b) was promulgated was 'to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive and preliminary issues.'" *Pl.'s Mem. of Law*, at 5 (quoting *Wilkinson*, 2014 WL 880876, at *2). While this is true enough, Plaintiff's citation ignores the *Wilkinson* court's conclusion that bifurcation was unwarranted even after considering its interest in efficiency.

standard is appropriate for deciding whether to stay discovery. *See Wilkinson*, 2014 WL 880876, at *2. In making a determination, courts consider six factors enunciated by the West Virginia Supreme Court of Appeals in *Light v. Allstate Insurance Company*:

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.

*Light*, 506 S.E.2d at 72. Importantly, "[t]he party seeking to stay discovery on the bad faith claim has the burden of proof on the issue." *Id.*

In the instant case, the *Light* factors weigh in favor of continuing unitary discovery. First, no unusual number of parties is involved. Second, the case itself is hardly complex, and is instead a relatively straightforward action for declaratory judgment based on an underinsured driver claim. Nor are Defendants' counterclaims particularly complicated; in fact, they appear to be fairly typical bad-faith and breach of contract claims. Third, undue prejudice will likely result to the insured if discovery is bifurcated and stayed. Increased costs and lengthy delays are a probable consequence of bifurcating discovery—a consequence that will prejudice the insureds directly. *See Tustin*, 2008 WL 5377835, at *3 (reasoning that the costs and delays of splitting discovery weighed against bifurcation). Fourth, it is unknown at this point whether a single jury will hear both bifurcated cases because the Court has not yet determined whether to bifurcate the trial. Fifth, partial discovery on Defendants' counterclaims—even if feasible—is less practical than allowing "unitary discovery in order to prevent deposing witnesses twice." *Wilkinson*, 2014 WL 880876, at *3. Sixth and finally, bifurcating discovery would impose a greater burden on this Court than proceeding with unitary discovery. As the majority of the *Light* factors counsel against bifurcating

and staying discovery for Defendants' counterclaims, the portion of Plaintiff's Motion concerning discovery is denied.

### III. CONCLUSION

Based on the foregoing analysis, the Court **DENIES** Plaintiff's Motion to Bifurcate and Stay (ECF No. 14) this action for trial **WITHOUT PREJUDICE**. The Court further **DENIES** Plaintiff's Motion to Bifurcate and Stay (ECF No. 14) discovery on Defendant's counterclaims.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 27, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE